IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lord Byron Slater, #279992, <br><br> Petitioner, <br><br> v. <br><br> L. Cartledge, <br><br><br> Respondent. | C/A No. 2:15-cv-1486-JFA-MGB <br><br><br><br> **ORDER** |

### I.     INTRODUCTION

Lord Byron Slater ("Petitioner" or "Slater"), a prisoner proceeding pro se, filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254. Slater alleged that his constitutional rights have been violated based on several grounds including ineffective assistance of counsel during his state trial for murder. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

Petitioner filed a "Dispositive Motion" on March 24, 2016. (ECF No. 34). The Respondent filed a motion for summary judgment on April 6, 2016. (ECF No. 36). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond to the Respondent's motion. (ECF No. 37). Petitioner filed a timely response along with his own motion for summary judgment on April 13, 2016. (ECF No. 39).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's motion for summary judgment and dismiss the petition along with Petitioner's Dispositive Motion and motion for summary judgment. (ECF No. 45). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner was advised of his right to object to the Report, which was entered on the docket on December 13, 2016.  Petitioner filed objections to the Report on December 21, 2016, (ECF No. 47), and Respondent filed a response on January 4, 2017. (ECF No. 50).  Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).  However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

**II.     Discussion**

Within his petition for writ of habeas corpus, Slater sets forth three grounds for relief. The Report thoroughly outlines the applicable legal standards and properly analyzes the claims for relief before concluding that Respondent's motion for summary judgment should be granted and the petition should be dismissed. Slater has submitted three specific objections to the Report. (ECF No. 47). However, each objection fails to elucidate any error with the Report.

Initially, Petitioner objects to the Magistrate Judge's finding that "the autopsy report does not meet the demanding *Schlup* standard, and that petitioner has not demonstrated that more likely than not, no reasonable juror would find him guilty beyond a reasonable doubt." (ECF No. 47 p. 1). This objection is made in response to the Magistrate Judge's finding that Petitioner's claim that the trial court "erred by not allowing the jury to deliberate self-defense" was procedurally barred. (ECF No. 45 p. 14).

In reaching this conclusion, the Magistrate Judge correctly stated that a state trial court's failure to charge the jury on self-defense in not cognizable within a petition for Federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") Additionally, the Magistrate Judge correctly concluded that "[t]o the extent Petitioner claims the trial court's failure to charge the jury on self-defense violations his rights pursuant to the Fifth and Fourteenth Amendments, such a claim is defaulted, as such a claim was not raised to, or ruled upon, by any state court." (ECF No. 45 p. 16).

The Magistrate Judge even went so far as to construe Petitioner's claims regarding evidence within an autopsy report as claims for actual innocence which could potentially serve as an excuse for procedural default.[2] To meet the requirement for actual innocence, Petitioner must

---

[2] Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims

"persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Petitioner claims an autopsy report indicates the presence of a projectile that killed the victim was a caliber different than the firearm found in Petitioner's house. However, the Magistrate Judge correctly stated that the autopsy report "in no way identifies the caliber of the bullet recovered from the victim." (ECF No. 45 p. 20). Additionally, the record indicates that Counsel testifying at Petitioner's Post Conviction Relief hearing hired an expert to confirm the ballistic test results and "it was clear that the weapon taken from [Petitioner's] house was the weapon that discharged the projectile that struck the victim." (ECF No. 415 p. 20 n. 7). Despite Petitioner's objection to the contrary, the Magistrate Judge correctly concluded that Petitioner failed to show that more likely than not, no reasonable juror would find him guilty beyond a reasonable doubt. Therefore, Petitioner's first objection is without merit.

Secondly, Petitioner objects to the dismissal of his claim that trial counsel was ineffective for "failing to object to the 1st set of Miranda Warnings that failed to let defendant know he could end the interrogation." (ECF No. 45 p. 20). In support of this objection, Petitioner states that the Magistrate Judge "misunderstood the facts dealing with petitioners 2001 trial." (ECF No. 47 p. 4). However, the Magistrate Judge correctly concluded that trial counsel was not ineffective for failing to object to Miranda Warnings that did not inform Petitioner he had a right to end the interrogation at any time.[3] Specifically, the Magistrate Judge concluded that Miranda Warnings do not

---

will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

[3] The Magistrate Judge correctly applied the two prong analysis for ineffective assistance of counsel. "The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)." (ECF No. 45 p. 22).

4

necessarily have to inform the defendant that he has a right to end the interrogation. *See Michigan v. Mosley*, 423 U.S. 96, 99-100 & n.6 (1975) (noting the "specified warnings" required by *Miranda* are as follows: "The warnings must inform the person in custody 'that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.'" (quoting *Miranda*, 384 U.S. at 444)); *United States v. Ricks*, 989 F.2d 501 (6th Cir. 1993) (unpublished table decision) (rejecting the argument that a *Miranda* warning must "include the right to stop answering questions at any time"); *United States v. Lares-Valdez*, 939 F.2d 688, 689-90 (9th Cir. 1991) ("We agree with the other federal courts that have ruled that a defendant need not be informed of a right to stop questioning after it has begun."); *United States v. DiGiacomo*, 579 F.2d 1211, 1214 (10th Cir. 1978) (noting that *Miranda* does not contain an "express requirement to warn suspects of the right to terminate questioning"). Therefore, trial counsel was not ineffective for raising a meritless objection, nor was Petitioner prejudiced in any way by a failure to object. Consequently, Petitioner's objection is without merit.

Finally, Petitioner objects to the Magistrate Judge's finding that all of the remaining grounds for relief are procedurally defaulted because they were never raised in state court.[4] (ECF No. 45 p. 26). Petitioner's objection appears to argue again that he has a claim for actual innocence and is therefore excused from the procedural bar. (ECF No. 47 p. 5 n. 2). This assertion is again based on the use of the autopsy report that Petitioner claims identifies a certain caliber projectile different than the ones fired from his handgun. (ECF No. 47 p. 5). For the same reasons stated above, Petitioner's claim falls short of the showing required for actual innocence. Accordingly, the objection is without merit.

---

[4] The Magistrate Judge also included further analysis concluding that these remaining claims were meritless.

### III.     Conclusion

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 45), **GRANTS** the Respondent's motion for summary judgment (ECF No. 36), and **DENIES** Petitioner's dispositive motion (ECF No. 34) and summary judgment motion (ECF No. 39). Accordingly Slater's petition for relief is **DENIED**.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[5]

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

January 6, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."